IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

HOLLEY CARLEY,

    Plaintiff,

V.                                           CIVIL ACTION NO. 3:08-1180

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**<u>MEMORANDUM ORDER</u>**

In this action, filed under the provisions of 42 U.S.C. § 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her application on March 25, 2005, alleging disability as a consequence of depression, nervousness, migraines, and hip and knee pain. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was thirty-eight years of age and had obtained an eighth grade education. Her past relevant employment experience consisted of work as a cook, cashier and in-home health tech. In his decision, the administrative law judge concluded that

plaintiff suffers from degenerative joint disease, depression and anxiety, impairments which he found to be severe. Though concluding that plaintiff was unable to perform her past relevant work,[1] the administrative law judge determined she had the residual functional capacity for a limited range of medium level work. On the basis of this finding, and relying on Rule 203.25 of the Medical-Vocational Guidelines[2] and the testimony of a vocational expert, he found her not disabled.

Before this Court, plaintiff argues that the administrative law judge failed to consider and give appropriate weight to the opinions of her treating psychiatrists. An administrative law judge is to consider the following when evaluating medical opinions: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."[3] The regulations make clear that the administrative law judge "will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . . ."[4] They also state that "[t]he responsibility for deciding ... residual functional capacity rests with the administrative law judge or Appeals Council,"[5] and that the Commissioner "will ... give good reasons in [the] notice of determination or decision for the weight [given a] treating source's opinion."[6] It is the Commissioner's responsibility to make the final decision

---

[1] This finding had the effect on shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, App. 2, Table No. 3.

[3] Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527).

[4] 20 C.F.R. § 416.927(e)(3)

[5] Id. § 416.946

[6] Id. § 416.927(d)(2)

regarding the plaintiff's abilities, and he can reject medical opinions so long as he gives reasons therefor, and those reasons are supported by the evidence.

Plaintiff's argument that the administrative law judge did not consider Dr. Razavipour and Dr. Soleymani's assessment of her depression and anxiety is not reflected in the record. Both of these doctors are associated with Prestera Center for Mental Health, and gave statements that plaintiff was unable to work for at least twelve months. As is pointed out in the regulations, however, a physician's statement that a claimant is "disabled" or "unable to work" is not a medical opinion, but is, instead, an opinion on an issue "reserved to the Commissioner."[7] As such, the opinion is not binding, though the Commissioner must consider all the evidence supporting the medical source's opinion, as well as all the other evidence of record.[8] In this case, the administrative law judge, after reviewing all of the evidence, concluded that the records from Prestera did not support her doctors' statements. He noted that her treatment had been minimal, she was never hospitalized, and there were significant periods when she was not being treated. Clearly he has considered the statements of the psychiatrists and the evidence upon which they were based, and his findings with regard to the weight to be afforded their opinions are supported by the evidence and made in accordance with the regulations.

Plaintiff also asserts that the Commissioner made a faulty credibility assessment. The regulations describe a two-step process for evaluating symptoms.[9] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental

---

[7] Id. § 416.927(e)

[8] Id.

[9] See 20 C.F.R. § 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

impairment that could reasonably be expected to produce the individual's pain or other symptoms.[10] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[11] The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in evaluating the intensity, persistence, and limiting effects of symptoms, Craig v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes the administrative law judge properly assessed the plaintiff's credibility, concluding that her statements concerning the intensity, duration and limiting effects of her symptoms were "not entirely credible." The administrative law judge made this credibility determination after having the opportunity to observe plaintiff at the hearing and after considering the relevant factors listed in 96-7p.[12] In considering these factors, the administrative law judge noted that plaintiff testified that she can take care of her own personal needs, she cooks, does laundry, watches television, and runs the vacuum. He also made reference to her testimony that she experiences back pain, hip pain, headaches, stomach pain, right knee

---

[10] Id.

[11] Id.

[12] See also 20 C.F.R. § 416.929(c)(3); The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

problems, and chest pain and that her hip pain is worse with extended walking and standing, and her chest pain increases when she is around large crowds. She takes Lortab and muscle relaxers which help with the pain, although they cause grogginess; and she is also prescribed Wellbutrin, Ativan, and Vistaril for her nervousness. She occasionally wears a brace on her wrist and knee, and her doctor has advised her to perform small exercises and to use hot compresses.

After considering the relevant factors in light of this evidence, the administrative law judge found plaintiff's allegations of disabling pain to be excessive and not fully credible. He noted that she has not received a significant amount of treatment, and that the consultative examiner found no physical problems. In his view, treatment records from Prestera Center did not support the statements of her psychiatrists that she "will be disabled for at least twelve months." The administrative law judge also found that the limitations set forth by the state agency medical advisors as to plaintiff's physical and mental residual functional capacity were well supported by the evidence. Based on the foregoing, it is clear that appropriate methodology was applied by the administrative law judge and that substantial evidence supports his findings regarding plaintiff's credibility.

Plaintiff also alleges that the administrative law judge failed to properly consider the combined effect of her impairments, which included degenerative joint disease, depression, anxiety, and back and hip pain. The Social Security regulations provide:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

5

20 C.F.R. § 416.923; *see also* Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974).

A review of the decision reveals that, in assessing plaintiff's residual functional capacity, the administrative law judge, in fact, considered the combined effect of her impairments. He found that her degenerative disc disease, depression, and anxiety were severe impairments, and provided limitations on her residual functional capacity based on these findings. Also, as noted previously, he evaluated her hip and back pain in accordance with the regulations. Having considered all of plaintiff's impairments, it is clear that substantial evidence supports his findings with regard to their combined effect.

      Plaintiff next asserts that the administrative law judge failed in his duty to accurately develop the evidence. Plaintiff believes the administrative law judge should have considered her financial problems as a reason for the lack of significant treatment during the period between 2004 and 2006. While it is clear that financial difficulties can impede a person's ability to obtain medical treatment, this does not appear to be the case here. The records that are present suggest that the lack of additional treatment is because of the absence of significant objective findings. She went to her primary care physician and to the emergency room during this time period. She even switched primary care providers when Dr. Copley refused to advise the Welfare department that she was unable to work for a period of at least six months. As the foregoing makes clear, plaintiff was able to seek medical treatment; however, the evidence indicates that her symptoms did not warrant treatment.

      Lastly, plaintiff asserts that the administrative law judge failed in his duty to produce evidence sufficient to rebut the presumption of disability. In support of this argument plaintiff cites numerous cases that discuss judicial review, but none that suggest there is a presumption of

disability. Plaintiff has, similarly, failed to provide any regulatory or statutory support for her argument, and the Court is aware of none.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions and the assessment of plaintiff's credibility are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: February 23, 2010

/s/ Maurice S. Taylor, Jr.
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE